# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. STACEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 05-3230-CV-S-FJG-SSA |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. No. 1). Together with said motion are plaintiff's affidavit of financial status and proposed complaint.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

The Court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff's Affidavit reveals that he is thirty-three years old, single, and with no dependents. Plaintiff states in his affidavit that he is not currently employed. Plaintiff states

that his previous employment was as a custodian for Grime Scrubbers, where he earned a net income of approximately $180 per week.

Plaintiff does not own real property. Plaintiff owns a 1985 Honda Accord, worth approximately $100. Plaintiff indicates that he has $0.00 cash on hand, and indicates he belongs to no banks or other associations. Plaintiff indicates that, over the past twelve months, he has received welfare payments, amounting to $50 per week from Burrell Mental Health, $149 per month in food stamps, and Medicaid for his healthcare. Plaintiff reports that he has no rental payment, gas bills, electric bills or water bills; plaintiff indicates that these are all included with his assisted living situation at Burrell Mental Health. Plaintiff has grocery expenses of $200 per month, lunch expenses from Burrell Group of $20.00 per week, Medicaid co-pays of $12.00 per month, laundry expenses of $17.50 per month, and miscellaneous expenses of $50.00 per month.

Based upon the information provided in plaintiff's affidavit, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis. Therefore, the Court will grant plaintiff's application for leave to file this civil action in forma pauperis. Additionally, the Court finds that Plaintiff's complaint is not barred by 28 U.S.C. § 1915(e)(2)(B). The complaint does not appear to be frivolous, nor does it appear to state a claim on which relief cannot be granted or seek monetary relief against a defendant who is immune from such relief.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is GRANTED;

2. because this case is included in the Case Management/Electronic Case Filing system; plaintiff's counsel shall be responsible for electronically filing the Complaint on or

before June 13, 2005; and

      3. plaintiff shall be responsible for serving process in the manner described in Federal Rule of Civil Procedure 4(i).


Date: June 8, 2005　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge

3

Case 6:05-cv-03230-FJG   Document 2   Filed 06/08/05   Page 3 of 3